**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CASSIE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:26-cv-00248** |
| | ) | |
| **v.** | ) | **Judge Eli J. Richardson** |
| | ) | **Mag. Judge Barbara D. Holmes** |
| **SCHMIEDE CORPORATION,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Plaintiff Cassie Williams asserts claims under the Americans with Disabilities Act ("ADA"), the Tennessee Disability Act ("TDA"), and the Family and Medical Leave Act ("FMLA") arising from the termination of her employment with Defendant Schmiede Corporation ("Schmiede"). Ms. Williams alleges four specific causes of action: Count I Violation of the ADA/ADAAA – Disability Discrimination ("Count I"); Count II Violation of ADA/ADAAA – Retaliation ("Count II"); Count III Violation of TDA – Disability Discrimination ("Count III"); and Count IV Violation of FMLA – Interference ("Count IV"). As detailed below, Count I, Count III and Count IV of Ms. Williams' Complaint are subject to dismissal for failure to state a claim upon which relief may be granted.

**<u>STATEMENT OF FACTS</u>**

Ms. Williams began working for Schmiede on March 25, 2024. Doc. 1 ¶ 10. She held the role of Receiving Clerk at Schmiede's Tullahoma facility until her termination eleven (11) months later. *Id.* ¶¶ 10; 25. In that capacity, she "received, verified, and processed incoming shipments and inventory[,]" and was supervised by Chris Bell. *Id.* ¶¶ 11-12. To be qualified for the Receiving

Clerk position, Schmiede requires the ability to lift up to 75 pounds on occasion. *Id.* ¶ 17. However, "when she could not lift something on her own[,]" Ms. Williams was instructed to solicit help from another employee or use a cart or forklift. *Id.* ¶¶ 16-17.

Within a month of starting her employment with Schmiede, Ms. Wiliams began experiencing severe back pain that limited her ability to lift and bend. *Id.* ¶¶ 18-19. She informed Mr. Bell and asked for "assistance with lifting heavy items." *Id.* ¶ 20. Mr. Bell told her to ask another employee, Steve Baker, when she needed help. *Id.* ¶ 21.

In October, 2024 Ms. Williams underwent an MRI, which revealed on November 7, 2024 that she had a herniated disc that would require surgery. *Id.* ¶¶ 25-26. Shortly after learning the diagnosis, Ms. Williams informed Mr. Bell, who told her to take time off to recover and that her job was not in jeopardy. *Id.* ¶¶ 27-28. Ms. Williams was not yet eligible for FMLA leave; however, she applied for short-term disability. *Id.* ¶ 29. Initially, leave was approved from December 13, 2024 to January 28, 2025. *Id.* ¶ 30.

On December 16, 2024, Ms. Williams underwent surgery to remove the herniated disc. *Id.* ¶ 33. Her physician estimated she'd need three to six months to recover from the surgery. *Id.* ¶ 34. She alleges that she kept Mr. Bell up to date on her recovery. *Id.* ¶ 35. On January 27, 2025, Ms. Williams' doctor advised she remain out of work until March 3, 2025. *Id.* ¶ 37. Accordingly, her short-term disability leave was extended through that date. *Id.* ¶ 39.

During a medical appointment on March 3, 2025, Ms. Williams was released to return to work on March 10, 2025, but restricted from "bending, twisting, or lifting over 10 lbs. for up to six weeks." *Id.* ¶ 41. When Ms. Williams shared the restrictions with Mr. Bell, she alleges he became upset and told her the Company could not accommodate her restrictions. *Id.* ¶ 44.

Prior to that, Mr. Bell had been supportive of Ms. Williams, including throughout her 12-week long leave. *Id.* ¶ 45. However, during a March 4, 2025 meeting with Mr. Bell and HR representative Tanya Matthews, Ms. Williams alleges she was told she could not be accommodated and would be terminated. *Id.* ¶¶ 47-48. Ms. Williams demanded an explanation and argued that other Schmiede employees could do her job when it required lifting more than ten (10) pounds. *Id.* ¶ 49. Ms. Williams mentioned Mr. Baker as one such employee who could assist her with any heavy lifting, but Schmiede allegedly declined to consider that or any other accommodation. *Id.* ¶¶ 51-54.

Ms. Williams was given a separation letter stating the reason for her termination as "lack of work—no suitable job position." *Id.* ¶ 56. Contrary to Ms. Williams' allegation that other employees could do her job when she was unable to, Schmiede posted a job opening on Indeed.com the very next day, March 5, 2025. *Id.* ¶ 57. Soon after, Ms. Williams learned the position had been filled. *Id.* ¶ 58.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a claim when it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court is not, however, bound to accept bare assertions of legal conclusions as true. *See Dibrell v. City of Knoxville*, No. 3:22-CV-207, 2023 WL 6393158, *2 (E.D. Tenn. Sep. 29, 2023) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citations omitted). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Further, there are two "working principles" governing a motion to dismiss. *Id.* at 678. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is ***inapplicable to legal conclusions***." *Id.* (emphasis added). Instead, a court considering a motion to dismiss should only accept that all ***factual allegations*** are true. *See id.* (emphasis added). Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

The second working principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task, requiring the reviewing court to draw upon its judicial experience and common sense. *Id.* The court must disregard "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 566 U.S.

at 696, 698 (internal citations omitted). Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint fails to state a claim.

## ARGUMENT

### I. Ms. Williams' Disability Discrimination Claims are Subject to Dismissal

Plaintiff's disability discrimination claims should be dismissed because she failed to plead facts sufficient to support essential elements of her claims. In other words, she failed to plead facts sufficient to state claims upon which relief may be granted.

#### A. Plaintiff Fails to State Claims for ADA Discrimination

In Count I of her Complaint, Ms. Williams asserts disability discrimination under the ADA. In order to establish a *prima facie* case of disability discrimination, she must therefore plead facts supporting the inference that: (1) she has a disability; (2) she was qualified for the job; and (3) she either was denied a reasonable accommodation for her disability or was subject to an adverse employment decision that was made solely because of her disability. *Russo v. Moore Ingram Johnson & Steele, LLP*, No. 3:20-CV-00820, 2022 WL 1787102, at *11 (M.D. Tenn. June 1, 2022) (quoting *Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655, 665 (E.D. Mich. 2011)). Ms. Williams claims that she was denied a reasonable accommodation and also that she was terminated because of her disability.

##### 1. Ms. Williams Was Not Disabled at the Time of Her Termination/Failure to Accommodate

Ms. Williams' ADA claims fail because her own allegations do not support the conclusion that she was disabled under the law. Ms. Williams concludes that she was disabled but describes, at most, a temporary, post-surgical limitation period rather than an actual disability at the time she requested light duty and was terminated.

Courts routinely hold that periods of recovery following surgery does not qualify as a disability. *Gutridge v. Clure*, 153 F.3d 898, 901–902 (8th Cir.1998) (Disability under the ADA requires permanent or long-term impairments, and impairments while recovering from surgery are not evidence of a permanent disability); *McDonald v. Pennsylvania, Dep't of Public Welfare*, 62 F.3d 92, 96–97 (3rd Cir.1995) (recuperation after abdominal surgery is not a disability); *Evans v. City of Dallas*, 861 F.2d 846, 852–53 (5th Cir.1988) (knee injury that required surgery is not a disability).

In *Lowrey v. RK Admin. Servs.*, No. 2:21-CV-5573, 2022 WL 2482839, at *4 (S.D. Ohio July 6, 2022), the court rejected an ADA claim where the plaintiff alleged he suffered from "hernias" and "had to have surgery." Following surgery, the plaintiff required "six weeks off for recovery," and was only able to "perform light duty work during his recovery." *Id.* In rejecting the plaintiff's disability claim, the court emphasized that being in recovery means the "hernias were corrected by surgery" and that "[t]emporary disability while recuperating from surgery is generally not considered a disability under the ADA." *Id.* It would be difficult to find a more analogous case.

Following back surgery, Ms. Williams was initially advised to remain off work for a period of time to recover and was then provided light duty restrictions on or about March 3, 2025, that would remain in place "up to six weeks." Days later, however, Ms. Williams was doing yard work, including lifting objects and bending over and did not feel pain. By March 10, 2025, her physician lifted her light duty restrictions entirely. Ms. Williams' own allegations underscore the limited and transitory nature of her medical condition. Ms. Williams may have had a limited and transitory medical condition at the time Schmiede terminated her employment, but she was not disabled under the law. Thus, her disability claims are subject to dismissal.

### 2. Plaintiff Was Not a Qualified Individual at the Time of Her Termination/Failure to Accommodate

It is important to note that Ms. Williams' ADA claims are limited to her allegation that Schmiede failed to accommodate her light duty restrictions and terminated her in March 2025.[1] To state a claim of failure to accommodate or discriminatory discharge under the ADA, Ms. Williams must do more than simply allege she had a medical condition or has a disability. *See Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004) ("To recover under the ADA, a plaintiff must do more than show that [s]he is 'disabled' within the meaning of the statute.") Ms. Williams "must also establish [s]he is a qualified individual with a disability." *Id.* That is, she must plausibly allege she is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Stanley v. City of Sanford, Fla.*, 606 U.S. 46, 49 (2025).

At the pleading stage, "courts evaluate whether a complaint plausibly alleges that a defendant 'discriminate[d] against a qualified individual on the basis of a disability.'" *Lonergan v. Gallagher Sharp, LLP*, No. 1:24-CV-02067-PAB, 2025 WL 2578155, at *3 (N.D. Ohio Sept. 5, 2025) (quoting 42 U.S.C. § 12112(a)). Ms. Williams does not meet that standard. Although she asserts in conclusory fashion that she "was qualified to perform the essential functions of her job with or without reasonable accommodation," Doc. 1 ¶ 68, her Complaint is otherwise "devoid of any actual non-conclusory allegation to support a finding that [s]he could plausibly be deemed a qualified individual as defined by the ADA." *Lonergan*, 2025 WL 2578155, at *6. In fact, her own allegations establish that she could not do the job with or without reasonable accommodation.

---

[1] Ms. Williams alleges that when she began experiencing back pain, she was granted accommodation in the form of another employee, Mr. Baker, assisting her with "heavy" items. When she required surgery, she was granted medical leave, despite not being eligible for FMLA protection. Thus, by her own account, Schmiede accommodated Ms. Williams.

Ms. Williams alleges that, as a Receiving Clerk , she "received verified, and processed incoming shipments and inventory." Doc. 1 ¶ 11. She further alleges that the position required lifting items weighing "up to 75 pounds occasionally." *Id.* ¶ 17. While she attempts to characterize lifting that weight was not an essential function, she acknowledges that handling shipments—including heavy ones—was an essential function and routine component. She was expected to "work as a team," "seek help," or "use assistive devices" when items were "heavy." Those allegations confirm that lifting and handling shipments was integral, and not incidental, to her position.

While "heavy" is subjective and it is not necessary to identify the precise point at which an item ceases to be "heavy," items weighing 10 pounds would not likely be considered "heavy" for the Receiving Clerk position. Not being able to lift as little as 10 pounds as a Receiving Clerk responsible for receiving shipments and not being able to bend or twist to pick up any shipments whatsoever rendered Ms. Williams unable to perform the essential functions of her job. *See e.g., Szasz v. Dolgencorp, LLC*, 625 F.App'x 297, 303 (6th Cir. 2015) (holding employer is not required to accommodate a ten-pound lifting restriction for a Dollar General assistant manager who would need help "stocking and rearranging merchandise that may weigh over ten pounds."); *Woodling v. GeoBuild, LLC*, 600 F. Supp. 3d 815, 824 (N.D. Ohio 2022), *aff'd*, No. 22-3499, 2023 WL 335283 (6th Cir. Jan. 20, 2023) ("Given the nature of the [construction laborer] job, a 25-pound lifting restriction would have precluded [plaintiff] from performing most of what should be routine tasks.").

Ms. Williams' restrictions prohibiting her from "bending, twisting, or lifting over 10 lbs. for up to six weeks," would have required continued reliance on another employee to perform lifting tasks. Such would require another employee to be at Ms. Williams' beck and call to perform

a broad range of routine lifting inherent in the Receiving Clerk position rather than focusing on his/her own job responsibilities. Doing so is not required. "[T]he ADA does not require employers to accommodate individuals by shifting an essential job function onto others." *Hoskins v. Oakland Cnty. Sheriff's Dep't*, 227 F.3d 719, 729 (6th Cir. 2000); *see also* Interpretive Guidance Appendix to 29 C.F.R. § 1630.2(o) ("An employer or other covered entity is not required to reallocate essential functions."). "[A]n accommodation allowing plaintiff to forego all heavy lifting constitutes an undue hardship on the company." *Szasz v. Dolgencorp, LLC*, 625 F.App'x 297, 303 (6th Cir. 2015).

In short, "having another person instantly available to step in" to lift 10-pound objects or bend to pick up paper correspondence "would require the employment of two full-time positions to do the job of a single employee…" *Johnson v. Cleveland City Sch. Dist.*, 443 F.App'x 974, 986 (6th Cir. 2011). Such is not a reasonable accommodation. As a result, Ms. Williams was not a qualified individual under the ADA and her claims are subject to dismissal.

**3. Ms. Williams' Failure-to-Accommodate Claim Fails**

Ms. Williams likewise has failed to state a failure to accommodate claim. Her allegations do not make sense. On one hand, Ms. Williams alleges that Schmiede accommodated her by providing her assistance lifting heavy items and then granted her a leave of absence despite the fact she did not qualify for FMLA. On the other, she presents a legal conclusion that her light-duty requests "were feasible and would not have caused undue hardship to Defendant," Doc. 1 ¶ 74. Ms. Williams' conclusion, however, is insufficient to support her claim because she requested accommodations that were *per se* unreasonable. *See Swann v. Washtenaw Cnty.*, 221 F. Supp. 3d 936, 943 (E.D. Mich. 2016) (quoting *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753 (6th Cir. 2015)) ("[a]ccommodations that eliminate an essential function of the job are 'per se unreasonable.'").

Ms. Williams was in essence through a light duty restriction prohibiting her from bending, twisting or lifting 10 pounds would have resulted in Ms. Williams performing only a small fraction of her position as a Receiving Clerk and would have required another employee be available on a continuous basis to assist with almost any and all lifting and bending in her Receiving Clerk position.[2] Paying two people to perform one job is not a reasonable request. As a result, Ms. Williams' claim fails.

### B. Plaintiff's Claim Under the Tennessee Disability Act Fails

In Count III, Ms. Williams alleges that Schmiede discriminated against her "on the basis of her disability in violation of the TDA, which culminated in her termination." Doc. 1 ¶ 92.

The TDA prohibits "discrimination in the hiring, firing, and other terms and conditions of employment … based solely upon a physical, mental, or visual disability" unless "such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved." TN ST § 8-50-103 For the most part, the ADA and TDA are analyzed similarly. *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 n. 5 (6th Cir. 2008). Thus, like her ADA claim, Ms. Williams' TDA claim is subject to dismissal because she was not disabled at the time of her termination.

Unlike the ADA, however, the TDA does not require an employer to provide reasonable accommodations.[3] *Wheeler v. Jackson Nat'l Life Ins. Co.*, 159 F. Supp. 3d 828, 855 (M.D. Tenn.),

[2] To the extent Ms. Williams asserts a failure to engage in the interactive process, that claim likewise fails. "Although mandatory, failure to engage in the interactive process is only an independent violation of the ADA if the plaintiff establishes a *prima facie* showing that he proposed a reasonable accommodation." *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014). "[I]t is the proposal of reasonable accommodations that triggers the interactive process." *Lonergan*, 2025 WL 2578155, at *6 n.12. Because Ms. Williams has not plausibly alleged she proposed a reasonable accommodation, her interactive process claim fails as well.

[3] It does not appear that Ms. Williams is pursuing a retaliation claim pursuant the TDA but if she is, that claim would be subject to dismissal. Because the TDA does not provide for reasonable accommodations, requesting accommodation does not constitute protected activity under the TDA.

*aff'd,* 666 F.App'x 453 (6th Cir. 2016). Under the TDA, an individual who is restricted from performing aspects of their job is not qualified or protected. *Black v. City of Clarksville*, No. M2020-01580-COA-R3-CV, 2022 WL 122615 (Tenn. Ct. App. Jan. 13, 2022); *Jones v. Sharp Elecs. Corp*., 2014 WL 806131, *3 (Tenn. Ct. App. Feb. 28, 2014) (affirming dismissal and holding no TDA violation where disability "prevents the applicant from performing the duties required by the employment sought."). Thus, under the TDA, Ms. Williams was required to plead facts establishing she could perform her job without accommodation. *Tuck v. HCA Health Services of Tennessee, Inc*., 7 F.3d 465 (6th Cir. 1993). Ms. Williams did not do so. According to her own allegations, Ms. Williams, at the time of her termination, was restricted from bending, twisting or lifting more than ten (10) pounds. According to Ms. Williams, she would have needed the accommodation of not lifting incoming packages as a Receiving Clerk. By Ms. Williams' own account, she was not qualified for her Receiving Clerk role under the TDA and as a result, her claim is subject to dismissal.

**II. Ms. Williams' Fails to State a Claim Under the FMLA**

**A. Ms. Williams Was Not an Eligible Employee**

An employee must be an eligible employee under the FMLA to state a valid claim under the FMLA. *Berry v. SAGE Dining Srvs., Inc.,* No. 3:19-cv-00830, 2021 WL 3037483, *5 (M.D. Tenn. July 19, 2021) (dismissing the plaintiff's FMLA claim because he was not an eligible employee as defined by the FMLA.) This is true with respect to all FMLA claims interference/entitlement claims and also retaliation claims. *Shaw v. Total Image Specialists, Inc*., No. 2:07-CV-00717, 2009 WL 369817, at *3 (S.D. Ohio Feb. 12, 2009) ("In the Sixth Circuit, both [FMLA retaliation and interference] theories require [plaintiff] be an eligible employee at the

time he requested the leave in order to state a claim under the FMLA.") (citing *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004)).

An "eligible employee" is one who, among other requirements, has been employed "for at least 12 months by the employer with respect to whom leave is requested" and has completed "at least 1,250 hours of service during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Only such employees may recover for alleged FMLA violations. See *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) ("This Court finds that the FMLA's 'eligible employee' requirement applies in all FMLA cases[.]").

Here, Ms. Williams does not—and cannot—plausibly allege that she met the statutory definition of an eligible employee. Ms. Williams was hired on March 25, 2024. Doc. 1 ¶ 10. She was terminated on March 4, 2025. *Id.* ¶¶ 47–48. By her own allegations, she was not employed the twelve months required by statute at the time she requested leave for her surgery or to the extent she asserts she should have been granted additional leave following her surgery. As a result, Ms. Williams was not an eligible employee under the FMLA, is not afforded any protection under the FMLA, and cannot state any claim under the FMLA. *Banerjee v. University of Tenn.*, 2019 WL 7283128, *3-4 (E.D. Tenn. Jan. 16, 2019) (granting defendant's motion for judgment on the pleadings where the plaintiff was not an eligible employee when she requested leave) (citing *Humenny*, 390 F.3d at 905) (holding that the FMLA's "eligible employee" requirement applies in all FMLA cases); *Kendrick v. Worldwide Equipment, Inc.*, No.: 3:18-CV-254-KAC-HBG, 2022 WL 611152, *2 (E.D. Tenn. March 1, 2022) ("Under either theory of liability, Plaintiff must have been an 'eligible employee' under the FMLA to recover…. Here, Plaintiff never became an 'eligible employee' under the FMLA because he was not 'employed' by Defendant for 'at least 12 months.'…, Plaintiff's FMLA interference and retaliation claims fail as a matter of law.") (citing

*Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008) ("As an initial matter, an FMLA claim cannot be maintained by a plaintiff who was not an 'eligible employee'")).[4] Ms. Williams' FMLA claim fails and should be dismissed.

**B. Plaintiff Cannot Plausibly Allege Prejudice**

Ms. Williams' FMLA interference claim independently fails because she cannot plausibly allege prejudice. To state such a claim, "an employee must demonstrate that an employer's failure to follow the FMLA and its regulations caused her harm." *Wallace v. FedEx Corp.*, 764 F.3d 571, 589 (6th Cir. 2014).

Even assuming, arguendo, that Ms. Williams would have become eligible on March 25, 2025, her own allegations establish that she suffered no prejudice from any purported interference. She alleges that, by March 10, 2025, she was experiencing no pain and that her medical provider had removed all restrictions and cancelled further treatment. Doc. 1 ¶ 60. In other words, Ms. Williams would not have required any leave. Thus, even if she had remained employed long enough to become eligible, her allegations do not support a plausible inference that she would have (or could have) taken FMLA leave.

Under these circumstances, Ms. Williams cannot show "any real impairment of [her] rights and resulting prejudice." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 91 (2002). Her FMLA claim therefore fails on this independent ground as well.

---

[4] To the extent Ms. Williams attempts to assert Schmiede interfered in her future ability to take FMLA upon becoming an eligible employee, her case is still subject to dismissal. This Court has rejected the argument, and case law, that an employee is deemed eligible if the planned leave would have taken place after the statutory eligibility requirements had been met. *See Brown v. Avanade Inc.*, No. 3:23-CV-00417, 2023 WL 8241544, at *4 (M.D. Tenn. Nov. 28, 2023) ("In sum, the court finds that the plaintiff has not established that he was an eligible employee at the time he requested leave.") (distinguishing and declining to follow *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1274–75 (11th Cir. 2012) and *Cross v. Dental Assisting Acad. of Louisville, LLC*, 417 F. Supp. 3d 836 (W.D. Ky. 2019)). As the Court reasoned, assuming the Sixth Circuit would follow *Pereda*, "does not currently seem to be a safe assumption." *Berry v. SAGE Dining Servs., Inc.*, No. 3:19-CV-00830, 2021 WL 3037483, at *5 (M.D. Tenn. July 19, 2021).

## CONCLUSION

For the foregoing reasons, Schmiede respectfully requests dismissal, with prejudice, of Counts I, III, and IV of Plaintiff's Complaint.

*/s/ Mary Dohner Smith*
Mary Dohner Smith, TN BPR# 021451
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
Highland Ridge 2
555 Marriott Drive, Suite 315
Nashville, TN 37214
Telephone: (615) 340-3804
Email: mdohner@constangy.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1st, 2026 a copy of Defendant's Memorandum of Law in Support of Motion to Dismiss was served electronically via the Court's CM/ECF system upon all parties of record :


Heather Moore Collins
Ashley Shoemaker
Lucia V. Izzolo
HMC CIVIL RIGHTS LAW, PLLC
302 Peachtree Street
Nashville, TN 37210
(615) 724-1996
heather@hmccivilrights.com
ashley@hmccivilrights.com
lucia@hmccivilright.com


*Counsel for Plaintiff*

*/s/ Mary Dohner Smith*
Mary Dohner Smith