# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CASSIE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:26-cv-00248** |
| | ) | |
| **v.** | ) | **Judge Eli J. Richardson** |
| | ) | **Mag. Judge Barbara D. Holmes** |
| **SCHMIEDE CORPORATION,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Defendant Schmiede Corporation ("Schmiede" or "Defendant"), by and through its undersigned counsel, submits this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Counts I, III and IV of Plaintiff's Complaint [ECF 1).

In her opposition brief (Doc. 14), Plaintiff concedes that dismissal of her FMLA claim is proper. Accordingly, Count IV should be dismissed with prejudice, leaving only Plaintiff's ADA (Count I) and Tennessee Disability Act ("TDA") (Count III) claims for the Court's consideration. Moreover, Plaintiff's opposition makes clear that she is not asserting a retaliation claim under the TDA. The relevant analysis of Count III therefore mirrors the analysis applicable to her ADA discriminatory discharge claim, namely whether Plaintiff plausibly alleges that she was a disabled, qualified individual who was terminated because of her disability. If she is not, that conclusion is dispositive of both her ADA and TDA discriminatory discharge claims. It is likewise dispositive of her failure-to-accommodate claim, which fails independently because the Complaint concedes that Plaintiff required no accommodation upon her return to work.

**A. Plaintiff Fails to Plausibly Allege She Was Disabled at the Time of Termination**

It is clear from the Complaint and Plaintiff's Opposition that Ms. Williams proceeds solely under the actual disability prong of the ADA. Although she recites the statutory definitions of disability, Doc. 1 ¶ 65, she does not allege that Defendant regarded her as disabled, nor does she assert discrimination based on a record of impairment. Instead, her ADA and TDA claims rise or fall on whether she plausibly alleges that she was actually disabled within the meaning of the statutes at the time of the challenged employment action.

The alleged actual disability was "severe back pain", or more specifically, a "herniated disc that required surgery". Doc. 1 ¶¶ 19; 67. She alleges this purported disability substantially limited major life activities "such as lifting, bending, and working." *Id*. ¶ 67. However, she also alleges that she was accommodated when she began experiencing severe back pain in April 2024, *Id*. ¶¶ 20-21, through surgery on December 16, 2024, *Id*. ¶ 33, and while recovering from surgery as she continued on medical leave, *Id*. ¶¶ 39-41.

Plaintiff's Complaint is narrowly focused on events in early March 2025. She complains only that her accommodation request on March 3, 2025 was not granted, and she was instead terminated. *Id*. ¶¶ 69-75. But on March 3, 2025, Ms. Williams was still on medical leave. She does not allege she requested light duty to take effect immediately. Rather, her request was to return to work on March 10, 2025, subject to certain restrictions, "including no bending, twisting, or lifting over 10 lbs., for up to six weeks." *Id*. ¶ 10. Ms. Williams is specifically seeking recovery for events arising on or about March 3, 2025, or "[U]pon Plaintiff's formal notification of her disability through her doctor's note…." *Id*. ¶ 69-70.

Crucially, Plaintiff alleges that on March 10, 2025—the very day she was scheduled to return to work—she "received a letter from her doctor releasing her restrictions and cancelling future physical therapy appointments." *Id*. ¶ 60. Accepting these allegations as true, Plaintiff did

not require any work restrictions or accommodation at the time she was medically cleared to return to work. To argue that she was nevertheless disabled at the time of her termination, Ms. Williams relies on the ADA Amendments of 2008 ("ADAAA") and the statute's directive that the ADA "be construed in favor of broad coverage." 42 U.S.C. § 12102(4)(A).

Plaintiff is correct that the ADAAA broadened the definition of disability. That expansion, however, does not change the outcome here, and Plaintiff's contention that Schmiede's position is supported only by pre-ADAAA case law is unfounded. *See Brodzik v. Contractors Steel, Inc.*, 48 F. Supp. 3d 1183, 1189 (N.D. Ind. 2014) ("[M]any short term impairments, such as Plaintiff's recovery period for his hernia surgery, still do  not qualify as a disability under the revised standard of the ADAAA."); *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014) (In reference to plaintiff's broken arm, "[g]enerally, short term, temporary restrictions are not 'substantially limiting' and do not render a person 'disabled' under the ADA."); *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 211 (D. Conn. 2012) ("It appears that even under the ADAAA's broadened definition of disability short term impairments would still not render a person disabled within the meaning of the statute."). Put simply, the ADAAA did not change the rule that "[i]mpairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe." *Wannamaker*, 899 F. Supp. 2d at 211 (quoting 29 C.F.R. § 1630).

The operative facts and pleaded timeline do not plausibly allege discrimination based on disability. Instead, they allege the opposite. The Complaint reflects that Schmiede went above and beyond the requirements imposed by the ADAAA. It provided Plaintiff with four months of surgery recovery time (despite not being eligible for FMLA) when, even after the 2008 amendments, "an employee's inability to work for a period after recovering from surgery does not

necessarily support a finding that Plaintiff has a disability under the ADA." *Butler v. BTC Foods Inc.*, No. CIV.A. 12-492, 2012 WL 5315034, at *3 (E.D. Pa. Oct. 19, 2012).

At this stage, Plaintiff's factual allegations are taken as true. Applying that generous standard, Ms. Williams only alleges "that she suffered severe limitations at some point during her recovery and communicated them to [her employer]," but "there is still no plausible allegation that [plaintiff] had an actual disability at the time of termination." *Browning v. Diocese of Pensacola-Tallahassee*, No. 3:25-CV-131-MCR-HTC, 2026 WL 767466, at *5 (N.D. Fla. Mar. 18, 2026). Any argument to the contrary is "directly contradicted by [Ms. Williams]'s return-to-work form signed by her physician[1] and stating she could return with no restrictions." *Id.* In other words, Plaintiff alleged, at most, that she had a "medical condition that required surgery, that she had the surgery, and that while recovering from surgery she had bending and lifting restrictions." *Davis v. Wal-Mart Assocs., Inc.*, No. 5:22-CV-217-JSM-PRL, 2022 WL 21781947, at *4 (M.D. Fla. Sept. 16, 2022) (parenthesis in original). Ms. Williams fails, however, "to allege that she has an impairment that is 'sufficiently severe' or expected to have permanent or long-term results." *Id.*

## B. Plaintiff's Allegations Defeat Her Failure to Accommodate Claim

Plaintiff wisely does not challenge the previous accommodations Schmiede provided. She challenges only her employer's response[2] to her anticipated return-to-work restrictions beginning March 10, 2025. Yet, she also alleges that when March 10 arrived, those restrictions were lifted entirely and were medically unnecessary. Doc. 1 ¶ 60. Plaintiff's own allegations therefore foreclose her failure-to-accommodate claim because she fails to allege that "the defendant failed

---

[1] As in the present case, the plaintiff in *Browning* received her medical clearance after her termination. 2026 WL 767466, at *2 ("Despite having been terminated on April 17, [plaintiff] submitted her return-to-work form on April 18, signed by her physician, stating [plaintiff] could return to full duty with no restrictions.").
[2] Because Defendant is not presently seeking dismissal of the ADA retaliation claim, Plaintiff is not necessarily without remedy if Defendant's response to her request was unlawful.

to provide the *necessary* accommodation." *See Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 669 (6th Cir. 2020) (listing elements of claim) (emphasis added).

**CONCLUSION**

In her opposition, Plaintiff was required to show that her Complaint plausibly alleged violations of the law. She concedes that it does not with respect to the FMLA. She likewise fails to plausibly allege claims for discrimination under the ADA and the TDA. Accordingly, Defendant's Motion should be granted, and Counts I, III, and IV should be dismissed with prejudice.

Dated: May 5, 2026                                        Respectfully Submitted,

*/s/Mary Dohner Smith*
*M*ary Dohner Smith, TN BPR# 021451
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
Highland Ridge 2
555 Marriott Drive, Suite 315
Nashville, TN 37214
Telephone: (615) 320-5200
Email:  mdohner@constangy.com
 *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, a copy of **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was served electronically via the Court's CM/ECF system upon all parties of record

Heather Moore Collins
Ashley Shoemaker
Lucia V. Izzolo
HMC CIVIL RIGHTS LAW, PLLC
302 Peachtree Street
Nashville, TN 37210
heather@hmccivilrights.com, ashley@hmccivilrights.com, lucia@hmccivilright.com

/s/*Mary Dohner Smith*
Mary Dohner Smith